## CIRCUIT COURT OF CHESTERFIELD COUNTY

Mercedes-Benz Credit Corp.

v.

Commercial Business
Systems, Inc., et al.

January 22, 1991

Case No. CL90-463

By JUDGE JOHN F. DAFFRON, JR.

Plaintiff leased two vehicles to defendant pursuant to a Lease Agreement. When defendant failed to make required monthly payments, plaintiff recovered the vehicles and notified defendant of its intent to sell or re-lease the vehicles after a specified date. The vehicles were sold at public auctions resulting in a deficiency which plaintiff seeks to recover in this action.

In a Motion in Limine, defendant seeks to prohibit any reference to or evidence of the sale of the vehicles. Defendant argues that the sale of the vehicles was not conducted in a commercially reasonable manner and, thus, was legally deficient.

The contract provided that if defendant defaulted, plaintiff "may take such vehicle . . . and may sell, release, or otherwise dispose of the vehicle in any commercially reasonable manner, including without limitation private sale or purchase by [plaintiff], on not more than five days' notice to [defendant]." Defendant attempts to read the U.C.C. into the agreement by the use of the terms "commercially reasonable manner" and "private sale." Defendant claims that plaintiff must give "reasonable notification of the time and place of any public sale" of the collateral. Defendant's definition of "commercially reasonable manner," taken from Virginia Code § 8.9-504(3),

is not applicable, however, because this is not a security agreement.

Title 8.9 applies only to transactions intended to create security interests. Virginia Code § 8.1-201(37), which defines "security interests," states that "[u]nless a lease or consignment is intended as security, reservation of title thereunder is not a 'security interest'." To be subject to Title 8.9, including the notice provision of Virginia Code § 8.9-504(3), the parties must have intended the lease agreement convey a security interest.

According to plaintiff, neither party intended at the time the agreements were executed to create a security interest. This is evidenced by the fact that the agreement is entitled a "Lease Agreement" and has all the indicia of a lease, including a provision which states "[t]his instrument is a lease and not an installment sale contract." This is also shown by defendant's deposition where he stated they only entered into an agreement by which he would "pay for the car and drive it, for whatever term it was, [and] give the car back."

Since § 8.9-504(3) is only applicable to security agreements, the requirement of notice of time and place of sale under that section is not required here. Under the terms of the contract, the sale was commercially reasonable. Accordingly, I deny defendant's Motion in Limine.